UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER WALLACE CARRIER,

        Petitioner,

        Case No. 17-12087

v.

        HON. MARK A. GOLDSMITH

BONITA HOFFNER,

        Respondent.

_____/

## OPINION AND ORDER TRANSFERRING PETITIONER'S HABEAS PETITION (Dkt. 1) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

On June 22, 2017, Petitioner Alexander Wallace Carrier, a state prisoner at the Lakeland Correctional Facility in Coldwater, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). The habeas petition challenges Petitioner's state sentence of nineteen to forty years in prison for second-degree home invasion, Mich. Comp. Laws § 750.110a(3). Because Petitioner challenged his sentence in a prior habeas petition that was denied on the merits, the pending petition is a successive petition that must be transferred to the United States Court of Appeals for the Sixth Circuit for a determination of whether this Court may adjudicate Petitioner's claim.

### I. BACKGROUND

In 2007, Petitioner pleaded guilty in Oakland County Circuit Court to second-degree home invasion, Mich. Comp. Laws § 750.110a(3). The trial court initially sentenced Petitioner to prison for twenty to forty years. Petitioner applied for leave to appeal, but the Michigan Court of Appeals denied his application. See People v. Carrier, No. 284119 (Mich. Ct. App. 28, 2008). The

1

Michigan Supreme Court, however, vacated Petitioner's sentence and remanded his case to the trial court for re-sentencing. See People v. Carrier, 755 N.W.2d 657 (Mich. 2008). The trial court subsequently re-sentenced Petitioner to prison for nineteen to forty years. Petitioner then moved for re-sentencing, but the trial court's successor denied the motion, and the Michigan Court of Appeals denied leave to appeal. See People v. Carrier, No. 305630 (Mich. Ct. App. Sept. 27, 2011). On March 5, 2012, the Michigan Supreme Court likewise denied leave to appeal. See People v. Carrier, 808 N.W.2d 779 (Mich. 2012), reconsideration denied, 815 N.W.2d 481 (Mich. 2012).

On June 17, 2013, the United States Supreme Court issued its decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), holding that "[f]acts that increase the mandatory minimum sentence are . . . elements [of the charged offense] and must be submitted to the jury and found beyond a reasonable doubt." Id. at 2158. Petitioner subsequently filed a motion for relief from judgment, arguing that his sentence was unconstitutional under Alleyne. At Petitioner's request, the state trial court held Petitioner's motion in abeyance pending a decision by the Michigan Supreme Court in People v. Lockridge, Docket No. 149073, 846 N.W.2d 925 (Mich. 2014).

While Petitioner's motion for relief from judgment was pending in the state trial court, Petitioner filed a federal habeas corpus petition based on the Supreme Court's decision in Alleyne. He also sought a stay of the federal proceeding while he exhausted state remedies for his claim. This Court denied the petition and the request for a stay on the basis that Petitioner's unexhausted claim was plainly meritless. See Carrier v. Woods, No. 14-12344 (E.D. Mich. Oct. 30, 2014).

On July 29, 2015, the Michigan Supreme Court issued a dispositive opinion in Lockridge. See People v. Lockridge, 870 N.W.2d 502 (Mich. 2015), cert. denied sub nom. Michigan v. Lockridge, 136 S. Ct. 590 (2015). The state supreme court concluded in Lockridge "that the rule

from Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as extended by Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient" to the extent "the guidelines require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that mandatorily increase the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence under Alleyne." Id. at 506 (emphasis in original).

The trial court subsequently denied Petitioner's motion for relief from judgment, see People v. Carrier, No. 07-216860-FH (Oakland Cty. Cir. Ct. Nov. 10, 2015), and the Michigan Court of Appeals denied leave to appeal on the basis that Lockridge was not retroactive on collateral review, see People v. Lockridge, No. 332880 (Mich. Ct. App. June 15, 2016). On January 5, 2017, the Michigan Supreme Court denied leave to appeal because Petitioner had failed to meet his burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). See People v. Carrier, 888 N.W.2d 103 (Mich. 2017), reconsideration denied, 891 N.W.2d 492 (Mich. 2017).

Finally, on June 12, 2017, Petitioner filed the habeas corpus petition that is currently pending before the Court. He asserts that his sentence is invalid and unconstitutional because the trial court erroneously scored fifty points for offense variable 7 of the Michigan sentencing guidelines.

## II. ANALYSIS

The Court begins its analysis by noting that "[f]ederal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict

limits before federal courts will permit them to seek habeas relief." In re Stansell, 828 F.3d 412, 413 (6th Cir. 2016). Pursuant to 28 U.S.C. § 2244(b)(3)(A) and Magwood v. Patterson, 561 U.S. 320, 330-31 (2010), a habeas petitioner must seek authorization from the appropriate court of appeals before he or she may file a second or successive application for the writ of habeas corpus in the district court. This requirement transfers to the court of appeals a screening function that the district court previously would have performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

"[N]ot all second-in-time petitions are 'second or successive.'" In re Coley, 871 F.3d 455, 457 (6th Cir. 2017). As the Sixth Circuit explained,

> this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. See Stewart v. Martinez-Villareal, 523 U.S. 637, 645, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (noting that "in [such] situations, the habeas petitioner does not receive an adjudication of his claim"). The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits. See Slack v. McDaniel, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000).

Id. "What the exception cannot mean is . . . that a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition." Id. (citing In re Tibbetts, 869 F.3d 403 (6th Cir. 2017)) (emphasis in original).

As noted above, in 2014, Petitioner challenged his sentence in a prior federal habeas corpus petition. This Court denied the petition because the state court's sentencing decision was not contrary to clearly established federal law at the time and because Alleyne did not apply retroactively to cases on collateral review. That was a decision on the merits, and even though the Michigan Supreme Court had not yet decided Lockridge when Petitioner filed his first petition, the United States Supreme Court had decided Alleyne, on which Petitioner now relies. The current

4

petition is second or successive despite the new rules set forth in Lockridge.  See In re Coley, 871 F.3d at 457. The Court, therefore, lacks jurisdiction to adjudicate Petitioner's claim unless, and until, the Sixth Circuit Court of Appeals authorizes the Court to do so.

Accordingly, the Court orders the Clerk of the Court to transfer Petitioner's habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997) (holding that, "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

SO ORDERED.

Dated: May 31, 2018  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2018.

s/Karri Sandusky  
Case Manager